

ORIGINAL  #24342

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANGELA WHITE**<br>Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO.: _____ |
| **KAUFMAN COUNTY and TIMOTHY ROBERTSON,**<br>Defendants. | § § § § | **3-09CV0413-B** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Angela White, hereinafter called Plaintiff, and files this Complaint against Kaufman County and Timothy Robertson, hereinafter called Defendants, and would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiff is an Individual who resides in Bronson, Sabine County, Texas.

2. Defendant Kaufman County is a county located within the state of Texas, and may be served by serving its County Judge, Wayne Gent, at 100 W. Mulberry Street, Kaufman, Texas 75142 pursuant to 17.024 of the Texas Civil Practice and Remedies Code. Service of said Defendant as described above can be effected by personal delivery.

3. Defendant Timothy Robertson is an individual residing in Henderson County, Texas, and may be served at 332 Whispering Trail, Gun Barrel City, Texas 75156. Service of said Defendant as described above can be effected by personal delivery.

### II.
### JURISDICTION AND VENUE

4. This is an action at law to redress the deprivation under color of statue, ordinance,

regulation, custom or usage of a right, privilege and immunity secured to Plaintiff by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §§ 1983 and 1985, and arising under law and statutes of the State of Texas, including, but not limited to the Texas Tort Claims Act.

5. At all material times Defendant Timothy Robertson was an acting Officer of Defendant Kaufman County.

6. At all material times Defendant Timothy Robertson was acting under color of his official capacity as an Officer of Defendant Kaufman County and as a person for purposes of 42 U.S.C. § 1983 and his acts complained of were performed under color of state law.

7. At all material times, Defendant Timothy Robertson was a servant, agent and/or employee of Defendant Kaufman County (a person for purposes of § 1983), so his acts were imputed to Defendant Kaufman County. Defendant Timothy Robertson was acting pursuant to specific orders and directives from Defendant Kaufman County and Defendant Kaufman County provided him with an official badge and identification card which designated and described its bearer as a peace officer and/or detention officer of Defendant Kaufman County.

8. At all material times, Defendant Timothy Robertson, acted under color and pretense of law; to wit, under color of the statutes, ordinances, regulations, customs and usage of the state of Texas and the County of Defendant Kaufman County. He engaged in the conduct mentioned herein, recklessly and with callous disregard for Plaintiff's rights, causing injury to Plaintiff and depriving Plaintiff of the rights, privileges and immunities secured to her by the Fourteenth Amendment to the United States Constitution and by the laws of the United States.

9. At all material times, Defendant Kaufman County was responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. Defendant Kaufman County was the public employer of Defendant Timothy Robertson at all times relevant to this complaint.

10. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 in that all or a substantial part of the events and omissions giving rise to Plaintiff's claim occurred therein.

### III.
### FACTS

11. Plaintiff was incarcerated in the Kaufman County Jail pending transfer to a drug treatment facility. On or about March 4, 2007, Plaintiff was awaken by an Officer Pyrtle who requested that she get cleaning supplies and wait on Defendant Timothy Robertson for further instructions.

12. Shortly thereafter, Defendant Timothy Robertson arrived at Plaintiff's cell and escorted her to his office where he requested that she begin to clean. When Plaintiff began to clean as instructed, Defendant Timothy Robertson, without provocation and legal cause, did then and there intentionally sexually assault Plaintiff, inflicting physical and emotional injuries and depriving Plaintiff of her constitutional rights, privileges and immunities.

13. It is believed that Defendant Timothy Robertson's office contained a surveillance camera so that the activities inside the office could be monitored by security personnel of the Jail. It if further believed that the sexual assault of Plaintiff occurred in a "blind spot" that was commonly know to exists by the Officers.

14. It is believed that Defendant Kaufman County had knowledge of a pattern and/or trend of officers violating the civil rights of prisoners by sexual contact. It is further believed that Defendant Kaufman County took no action to remedy this problem.

### IV.
### FIRST CLAIM FOR RELIEF:
### TEXAS TORT CLAIM ACT

15. Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

16. Upon information and belief, Defendant Timothy Robertson was negligent in using

and misusing tangible personal property; to wit: his county issued badge, identification card and gun, which negligence was a proximate cause of Plaintiff's injuries. Specifically, Defendant Timothy Robertson was acting within the course and scope of his employment with Defendant Kaufman County and had a duty to exercise ordinary care and use said personal property reasonably and prudently. Defendant Timothy Robertson breached that duty when he failed to use said personal property reasonably and prudently.

17. Upon information and belief, Defendant Timothy Robertson was negligent in using and misusing tangible personal property; to wit: a door, which negligence was a proximate cause of Plaintiff's injuries. Specifically, Defendant Timothy Robertson was acting within the course and scope of his employment with Defendant Kaufman County and had a duty to exercise ordinary care and use said personal property reasonably and prudently. Defendant Timothy Robertson breached that duty when he failed to use said personal property reasonably and prudently.

18. Upon information and belief, Defendant Kaufman County was negligent in not adequately warning Plaintiff of the "blind spot" in Defendant Timothy Robertson's office and in not correcting the blind spot. Said "blind spot" in Defedant Timothy Robertson's office amounts to a special defect as defined by the Texas Tort Claims Act. Defendant Kaufman County's negligence was a proximate cause of Plaintiff's injuries. Specifically, Defendants and had a duty to exercise ordinary care and knew or reasonably should have know of said "blind spot" and failed to remedy and/or warn Plaintiff the situation.

19. Upon information and belief, Defendant Timothy Robertson was negligent in carrying out Defendant Kaufman Countys' policies and procedures designed to protect the health, safety, and well being of accused persons while in custody. Specifically, Defendant Timothy Robertson was acting within the course and scope of his employment with Defendant Kaufman County and had a duty to exercise ordinary care and carry out said policies and procedures reasonably and prudently.

Defendant Timothy Robertson beached that duty when he failed to carry out said policies reasonably and prudently.

## V.
## SECOND CLAIM FOR RELIEF:
### 42 U.S.C. 1983 / REFUSING OR NEGLECTING TO PREVENT

20. Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

21. At all times relevant to this complaint, Defendant Timothy Robertson, as an Officer, was acting under the direction and control of Defendant Kaufman County.

22. Acting under the color of law and pursuant to official policy and custom, Defendant Kaufman County knowingly, recklessly, or with gross negligence failed to instruct, supervise, control and discipline on a continuing basis Defendant Timothy Robertson in his duties to refrain from:

   a. unlawfully and maliciously harassing Plaintiff who was acting in accordance with her constitutional and statutory right, privilege and immunity;

   b. engaging in custom and practice of allowing male Officer's to have unsupervised access to female inmates in isolation;

   c. conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the constitution and laws of the United States and the laws of the state of Texas; and

   d. otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

23. Defendant Kaufman County, had they diligently exercised their duties to instruct, supervise, control and discipline on continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant Kaufman County had the power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence but failed or

refused to do so.

24. Defendant Kaufman County directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant Timothy Robertson.

25. Acting under the color of law and pursuant to official policy and custom, Defendant Kaufman County knowingly, recklessly, or with gross negligence implement and/or ratified the following customs, policies or practices

    a. allowing male officers to have unsupervised access to female inmates under the pretext that the inmate was cleaning their office;

    b. ignoring or disregarding the high risk of official misconduct created by allowing male officers to have unsupervised access to female inmates in their offices when there is a known "blind spot" present; and

    c. allowing a pattern and/or trend of officers violating the civil rights of prisoners by sexual contact.

26. Plaintiff would show that these customs, policies or practices were wrongful because established Texas law clearly protects person such as Plaintiff by prohibiting an official acting under color of law from engaging in sexual or injurious conduct with a person placed in his custody – said acts constituting the criminal offense of violating the civil rights of a prisoner by sexual assault.

27. The customs, policies or practices concerning the unsupervised access to female inmates were enacted and/or ratified by Defendant Kaufman County with the intent, or with a conscious disregard of the substantial risk, that they would facilitate the commission of acts constituting a criminal offense. Furthermore, Defendant Kaufman County's conduct in enacting and/or ratifying and implementing these customs, policies, and practices caused the sexual assault of

Plaintiff and therefore deprived Plaintiff of her right to be free from cruel and unusual punishment guaranteed by the Eight Amendment to the United States Constitution.

## VI.
## THIRD CLAIM FOR RELIEF:
## 42 U.S.C. 1983 / REFUSING OR NEGLECTING TO STOP

28.     Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

29.     By failing to take any action to aid Plaintiff or to halt the acts complained of, Defendant Timothy Robertson and Kaufman County acted reckless, and with callous disregard of Plaintiffs rights.

30.     Upon information and belief, Defendant Timothy Robertson acted outside the scope of his jurisdiction and without authorization of law acted willfully, knowingly and purposefully with specific intent to deprive Plaintiff of her rights, and/or with reckless and callous disregard for Plaintiff's rights including the rights of:

    a.    Freedom from physical abuse, coercion and intimidation; and

    b.    Timely and effective assistance that should have been afforded.

31.     All of these rights are secured to Plaintiff by the provisions of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution 42 U.S. C. § 1983 and 18 U.S.C. § 245.

## VII.
## FOURTH CLAIM FOR RELIEF:
## ASSAULT AND BATTERY

32.     Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

33.     The intentional acts complained of constitute an assault and battery on Plaintiff.

## VIII.
## FIFTH CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

34. Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

35. The intentional acts complained of constitute false imprisonment on Plaintiff.

## IX.
## SIXTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

37. The intentional acts complained of constitute intentional infliction of emotional distress on Plaintiff.

## X.
## SEVENTH CLAIM FOR RELIEF:
## VIOLATION OF DUES PROCESS

38. Plaintiff repeats and realleges the allegations in paragraphs 1-14 of the Complaint.

39. Defendant Kaufman County recklessly, and with callous disregard for the rights of individuals, such as Plaintiff, trained, encouraged and allowed Defendant Timothy Robertson to disregard the rights of accused individuals; and specifically Defendant Kaufman County set forth and implemented a policy with regard to the detention of accused individual, such as Plaintiff and to deprive those individuals of treatment while in custody.

40. As a direct result of Defendant Kaufman County's callous and reckless disregard of the rights of individuals, including Plaintiff, with respect to the training of Defendants, Plaintiff was denied the rights secured to her by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, by 42 U.S.C. §§ 1983 and 1985 and by 18 U.S.C. § 245.

## XI.
## VICARIOUS LIABILITY

41. Defendant Kaufman County is vicariously liable for the acts and/or omissions of Defendant Timothy Robertson under the doctrine of respondeat superior. Specifically, at the time of the incident made the basis of this lawsuit, Defendant Timothy Robertson was acting within the course and scope of his employment and authority.

## XII.
## ACTUAL DAMAGES

42. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Angela White, was caused to suffer the following damages: (1) physical pain and suffering and mental anguish in the past and future; (2) bodily injury; (3) loss of enjoyment of life; and (4) future medical expenses.

## XIII.
## PUNITIVE DAMAGES

43. As to Plaintiff's claims against Defendants, their employee(s), agent(s), representative(s), and/or vice principal(s), such acts or omissions were grossly negligent and/or malicious as defined by state law and entitle Plaintiff to recover punitive or exemplary damages.

44. In addition, Plaintiff assert that the acts or omissions of Defendant Timothy Robertson constitute a violation of Sections 22.02, 22.011, and 22.021 of the Texas Penal Code and therefore Plaintiff's claim for exemplary damages falls within an exception to the limitations contained in Section 41.008 of the Texas Civil Practice and Remedies Code.

## XIV.
## NOTICE AND CONDITIONS PRECEDENT

45. Plaintiff gave Defendant Kaufman County notice as required by the Texas Tort Claims Act, Texas Civil Practice & Remedies Code § 101.101(a).

46. All conditions precedent have been performed or have occurred.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, the Court enter judgment against Defendants, their officers, agents, employees, successors and all persons in active concert or participation with it, as follows:

1) All general and specific damages listed thoroughout this petition;

2) Attorney's fees as allowed by law;

3) Exemplary damages as allowed by law;

4) Prejudgment and post-judgment interest as allowed by law;

5) All other damages, special or otherwise, as allowed by law; and

6) All other relief, in law and in equity, to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff also requests that this case be tried to a jury of her peers.

Respectfully submitted,

**HAWKINS WALKER & REED, LLP**

_____
Andrew Hawkins
State Bar No. 24038947
Sommer Walker
State Bar No. 24042113
701 West Belknap
Fort Worth, Texas 76102
Tel. (817) 877-3355
Fax. (817) 877-3356

**ATTORNEYS FOR PLAINTIFF**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

ORIGINAL  3-09CV0413-B

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
White, Angela

**DEFENDANTS**
Kaufman County
Tim Robertson

(b) County of Residence of First Listed Plaintiff: Sabine
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Kaufman
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): 817-877-3350
Hawkins, Walker & Reed, LLP
701 W. Belknap, Fort Worth, TX 76102

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☑ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☒ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983
Brief description of cause: inmate was sexually assaulted

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 3-3-09
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____