UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGELA WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:09-CV-00413-B |
| | § | |
| KAUFMAN COUNTY, and TIMOTHY ROBERTSON, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is the Plaintiff's Motion for Substituted Service According to State Law (doc. 7). In this Motion, White seeks to serve defendant Timothy Robertson by means of publication, as authorized by Rule 109 of the Texas Rules of Civil Procedure. For the reasons discussed below, the Motion is **DENIED without prejudice as to refiling**.

The Federal Rules of Civil Procedure authorize service upon an individual by serving him or her pursuant to state law. FED. R. CIV. P. 4(e)(1). Rule 109 of the Texas Rules of Civil Procedure provides for citation by publication as follows:

> When a party to a suit, his agent or attorney, shall make oath that the residence of any party defendant is unknown to affiant, and to such party when the affidavit is made by his agent or attorney, or that such person is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant,. . .the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service.

TEX. R. CIV. P. 109. Courts have noted that "[s]ervice by publication is the method of notice which is least calculated to bring to the potential defendant's attention the pendency of a judicial action." *In re Marriage of Peace*, 631 S.W.2d 790, 794 (Tex. App.–Amarillo 1982, no writ). Thus, the trial

court has a "mandatory duty to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant." *In re Marriage of Peace*, 631 S.W.2d at 792 (citing *Wilson v. Rogers*, 343 S.W.2d 309, 323 (Tex. Civ. App.–Houston 1961, writ ref'd n.r.e.)); *Manley v. Parsons*, 112 S.W.3d 335, 338 (Tex. App.–Corpus Christi 2003, pet. denied).

In the instant case, White moves for service by publication and attaches the affidavit of Georgeann Meyer. In the affidavit, Meyer states that she was "appointed to deliver a summons and Plaintiff's Original Complaint" to Robertson. Meyer recounts two instances in which she attempted service on Robertson without success. She states that she researched Robertson and found the "latest address," to which she drove and found an empty lot. The affidavit contains no further detail regarding other attempts to serve Robertson or other research to ascertain his whereabouts.

This affidavit is insufficient to meet the requirements of Rule 109. *See Wilson*, 343 S.W.2d at 322–23. The affidavit does not state that whether Robertson's address is known to Meyer, White, or White's attorney. It does not describe any other attempts to locate a valid address for Robertson. While some of these topics are mentioned in the body of the motion, they are not included in an affidavit as required by the rule and, regardless, are not detailed enough for the Court to make a determination of diligence. *See* Tex. R. Civ. P. 109; *In re Marriage of Peace*, 631 S.W.2d at 792, 794. The Court finds that White has failed to demonstrate due diligence in attempting to locate Robertson prior to requesting service by publication. *In re Marriage of Peace*, 631 S.W.2d at 792–93.

Accordingly, the Motion is **DENIED without prejudice as to refiling**.

**SO ORDERED.**

DATED: May 14, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE